IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JOHNSON | : CIVIL ACTION NO. |
| 858 HILLDALE ROAD | : |
| GLENSIDE, PA 19138 | : |
|       PLAINTIFF, | : |
| | : |
|   V. | : |
| | : |
| THE CITY OF PHILADELPHIA | : |
| C/O CITY OF PHILADELPHIA LAW | : |
| DEPT. | : |
| 1515 ARCH STREET, 14ᵗʰ FLOOR | : |
| PHILADELPHIA, PA 19102 | : |
|    AND | : |
| | : |
| CURRENTLY UNKNOWN AND | : |
| UNNAMED CITY OF PHILADELPHIA | : |
| POLICE OFFICERS | : |
| C/O OF CITY OF PHILADELPHIA LAW | : |
| DEPT. | : |
| 1515 ARCH STREET, 14ᵀᴴ FLOOR | : |
| PHILADELPHIA, PA 19102 | : |

_____

COMPLAINT

JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. S 1983 and the 4th

Amendment to the United States Constitution.  Jurisdiction is based on 28

U.S.C. S 1331 and 1343 (1) (3) (4) and the aforementioned statutory

provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate his state law claims pursuant to 28 U.S.C. S 1367 (a).

PARTIES

2.  The plaintiff William Johnson (from hereinafter, "plaintiff") is an adult citizen and resident of Glenside, PA who has an address as indicated in the caption above.

3.  Defendant the City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employees the defendant police officers whose identities are currently unknown by name to the plaintiff; the City of Philadelphia has an address which is indicated in the caption above.; the currently unknown and unnamed defendant police officers, have an address as indicated in the caption above; at all times relevant to the averments of this complaint, the aforementioned defendant police officers were acting within the scope of their respective employment and under color of state law, and they are being sued in their respective individual capacities.

2

FACTUAL ALLEGATONS

4. The plaintiff works for a company which contracts with the City of Philadelphia which repairs and provides maintenance for the City's Water Department; the plaintiff's job consists of physical labor of which the use of his hands and arms is of utmost importance and required.

5. On February 24, 2024, the plaintiff was socializing with friends inside of a deli located at 77th Street and Ogontz Avenue in Philadelphia; the deli allows customers to sit on stools and talk, eat and consume beer (or otherwise congregate).

6. On February 24, 2024, at approximately 8:35 p.m., the plaintiff was standing in the Deli, at which time two, then another ununiformed police officer, came into the Deli, and immediately rushed the plaintiff, forcing him back into a corner.

7. Thereafter, the police officers forcefully grabbed the plaintiff's arms and forced them behind his back, and they handcuffed him; all the while, the

plaintiff was protesting his arrest, saying that he did not do anything, and asking why he was being arrested, to which the police officers were nonresponsive.

8. The defendant police officers who forcefully grabbed and manipulated the plaintiff's arms and hands, caused him severe pain; the handcuffs were too tight.

9. The police officers bombardment upon the plaintiff caused the patrons in the deli to become startled and they stopped talking and socializing and requested that the police officers explain what they were doing.

10. At least one patron filmed a part of the incident with his cellphone.

11. The police officers refused to tell the plaintiff why he was being arrested, and what if any evidence that they had that he had committed a crime; the plaintiff did not resist arrest.

12. The plaintiff had not committed any crime; nor did the police see him commit any act that reasonably gave suspicion of any crime.

13. The defendant police officers did not have a warrant to arrest and/or search the plaintiff.

4

14.  By force, the defendant police officers took the plaintiff out of the deli, and took him over to what is believed to be an unmarked white police vehicle, at which time they searched inside of his pockets, finding nothing illegal.

15.  Within a few minutes after the plaintiff was handcuffed inside of the deli, multiple uniformed police officers arrived to the scene, or had been waiting outside; video footage shows approximately 11 police officers in total, all of whom essentially surrounded the plaintiff, and they also blocked the deli patrons who were protesting the plaintiff's arrest, although none of those patrons made any physically provocative gestures towards the police officers.

16.  The extreme police presence around him shocked the plaintiff and placed him in extreme fear for his physical safety.

17.  The deli patrons and other people on the street, were asking why the plaintiff was being treated in the manner that he was, suggesting that the police were merely harassing the plaintiff, at least in part due to his race.

18.  One of the police officers who arrested the plaintiff, stated either or both to the plaintiff and/or other police officers, that he had arrested the

5

plaintiff in the past, which was false.

19. The defendant police officers' search of the plaintiff's clothing and body parts was negative for any illegal contraband, however the defendant police still kept the plaintiff handcuffed for an inordinate amount of time thereafter.

20. One of the defendant police officers who searched the plaintiff took his identification, which was never returned to the plaintiff.

21. The defendant police officers never explained to the plaintiff why they arrested him.

22. After a period of time being handcuffed and standing at the police vehicle, the plaintiff was finally released.

23. Due to extreme pain and the plaintiff's belief that his hand/wrist might be broken, the plaintiff sought medical treatment at Temple University Hospital in Chestnut Hill on February 25, 2024, which diagnosed him with a badly sprained right hand and advised that his employer allow him to work light duty for two to three days.

24. The plaintiff's job does not have light duty which allows him not to work on the water meters, which led to the plaintiff having to use leave to

attempt to recover from his hand injury; as a result of his pain/injury, the

plaintiff had to take off from work for three weeks for which he was not

paid.

25.  Eventually, fearful that he would lose his job, despite still being in severe

pain, the plaintiff returned to work, and from that time to the present, he

merely tolerated and still tolerates his pain to the best of his ability.

26.  Temple University Hospital heavily wrapped the plaintiff's hand with

bandages.

27.  Due to continued severe hand/wrist pain, the plaintiff sought and

received medical treatment at Patient First, an urgent care, which

diagnosed him with a strain of "musc/fasc//tend at wrs/hnd lv, right

hand", and it placed the plaintiff's hand/wrist in a splint.

28.  Patient First referred the plaintiff for further medical treatment, at the

Rothman Institute.

29.  The plaintiff has received treatment/physical therapy from the Rothman

Institute and from a hand specialist called RI Willow Grove consistently,

from March 2024 through the present, however, he continues to suffer

substantial pain in his right hand, and is limited in the use of the hand, including how efficiently and effectively he can work, driving and doing household chores.

30. The plaintiff suffered and suffers severe emotional distress for being forcefully arrested for no reason, including in front of his friends in public, and then being surrounded by police officers on the street in the presence of the general public, when people walking the street stopped to see what all of the commotion and large police presence was about.

31. The plaintiff suffered economic harm and loss for the time that he was not able to work and was not paid.

32. The plaintiff suffered reputational damage from his public arrest in the presence of his friends inside of the deli, imprisonment there and outside, and then in the presence of the general public, who stopped to observe the incident, on the public street in front of the Deli.

33. The plaintiff is 46 years old and is a law-abiding citizen; it was/is extremely harmful to his reputation as such a person to have been arrested in public by three police officers and surrounded by approximately 11 police officers on/near the street corner.

8

34. The plaintiff continues to suffer physical and psychological/emotional injury as a result of the defendants' conduct against him on February 24, 2024.

35. Defendant the City of Philadelphia has deliberately failed to train its police officers, including its plain clothes police officers here, who are believed to be of a higher grade then uniformed patrol officers, that they must not arrest citizens without probable cause, including that even for suspected misdemeanors, that they must not arrest persons for whom they have not observed such misdemeanors, without a warrant.

36. The City of Philadelphia deliberately tolerates rogue style policing wherein incidents like the one that the plaintiff was subjected to occur routinely, where innocent citizens are arrested, handcuffed and detained without evidence, including based on racial stereotyping against African Americans, including such past acts by the officers here..

37. The City of Philadelphia deliberately refuses to discipline its police officers, including the ones that arrested the plaintiff, when they do falsely arrest citizens, without any evidence, and without arrest warrants, for specious and lawless reasons.

9

38.  The City of Philadelphia has failed to train its police officers that they may not arrest citizens for minor believed offenses unless they observe the offense without some other corroborating evidence, such as a confession during an investigation of an alleged crime.

39.  Upon reasonable belief, the defendant police officers who arrested the plaintiff, have falsely arrested other innocent citizens without probable cause, and without warrants for which those citizens have complained to the City of Philadelphia Police Department or to the City of Philadelphia, which has failed to properly investigate those complaints, and has failed to discipline and/or train those police officers, the defendants here, not to commit such actions in the future (false arrests).

40.  The City of Philadelphia has deliberately refused to properly train its police officers, including the defendants here, how to properly conduct on scene investigations prior to physically arresting citizens, to determine whether there is a proper basis for an arrest and detention, resulting in citizens being falsely arrested until whatever erroneous conclusions the police officers made regarding whether a crime was committed could be disproven.

41.  The City of Philadelphia has deliberately refused to properly train its police officers, including the ones here, when and how to apply handcuffs, including when a suspect is not resisting, to do so with as little force as possible, so as to not injure the person in the course of the handcuffing, as well as not to resort to handcuffs unless the circumstances dictate the need therefore – here, the policers had the plaintiff surrounded in a corner, and could have conducted a peaceful investigation, without force to determine if they had any basis to forcefully arrest him; nor did the police, if they had any reasonable basis for the belief that the plaintiff may be armed, conduct a mere pat down or request to do so, before forcefully grabbing and manipulating the plaintiff's arms and tightly handcuffing him.

FIRST CAUSE OF ACTION AS TO DEFENDANTS, THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS FOR VIOLATION OF 42 U.S.C. SECTION 1983 AND THE 4TH AMENDMENT FOR FALSE ARREST AND FALSE IMPRISONMENT

42. Plaintiff incorporates paragraphs 1-41 above as though fully set forth

11

herein.

43. Defendants seized and arrested plaintiff, with the knowledge that they lacked probable cause that he had committed any crime, and they falsely imprisoned him for the time he was in their physical custody and control.

44. As a direct and proximate result of all of the above defendants' acts, which were committed under color of state law, the plaintiff was deprived of his rights to be free from false arrest and false imprisonment pursuant to the Fourth Amendment to the Constitution and 42 U.S.C. S 1983.

45. As a result of defendants' actions, the plaintiff suffered severe physical pain and suffering, including physical injuries, and he suffered extreme emotional distress.

WHEREFORE, plaintiff requests judgment in his favor against defendants, jointly and severally, and he requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's fees and costs;

d. Any other relief the Court deems appropriate.

SECOND CAUSE OF ACTION AS TO DEFENDANTS THE CURRENTLY UNKNOWN AND
UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS FOR EXCESSIVE FORCE IN
VIOLATION OF 42 U.S.C. S 1983 AND THE 4TH AMENDMENT

46.  Plaintiff incorporates paragraphs 1-45 above as though fully set forth

herein.

47.  As stated above, the defendants, the currently unknown and unnamed

City of Philadelphia police officers subjected the plaintiff to excessive

force, by forcefully grabbing his arms and hands, pulling them behind his

back and then over tightly handcuffing him, without any justifiable basis

for any of the actions they took, including that they had no right to seize

him at all.

48.  The defendants subjected the plaintiff to excessive force as described

above; their collective use of force was unreasonable and unjustified, as

no force was necessary, and plaintiff was not resisting arrest, although his

arrest was also illegal.

49. As a result of the defendants' conduct, the plaintiff suffered/suffers

severe physical injury and pain and suffering, and he suffered severe

emotional distress; he also suffered economic loss from having to stay out

of work for a period of time due to his injuries.

13

50. The defendants also subjected the plaintiff to excessive force, when around 11 police officers essentially surrounded him on the street, next to a police vehicle, while he was handcuffed, leaving the plaintiff in extreme fear for his physical safety, when he had not committed any crime; the large police presence for the plaintiff was totally unjustified.

51. The defendants' collective and individual actions, deprived the plaintiff of his rights to be free from unreasonable seizure and excessive force pursuant to the Fourth Amendment and 42 U.S.C. S 1983.

52. The defendants' collective excessive use of force caused the plaintiff to suffer extreme injury, which resulted in severe physical pain and suffering, which persists up to the present.

53. The defendants' collective actions, including seizing him by force, handcuffing him, and then surrounding him with numerous police officers, caused the plaintiff extreme emotional distress, including extreme fear as what the defendant police officers may further do to him; the plaintiff believes that without the fact that the deli patrons came outside and some of them loudly protested the police actions, as well as filmed the police with a cellphone, that the defendants may have taken

14

further action against him, including more excessive force.

WHEREFORE, plaintiff requests judgment in his favor against defendants jointly

and severally and he requests the following relief.

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable Attorney's fees and costs;

    d. Any other relief the Court deems appropriate.

**THIRD CAUSE OF ACTION AGAINST DEFENDANT, THE CITY OF PHILADELPHIA FOR FAILURE TO PROPERLY TRAIN, DISCIPLINE AND SUPERVISE THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADLEPHIA POLICE OFFICERS IN VIOLATION OF 42 U.S.C. S 1983**

54. Plaintiff incorporates paragraphs 1-53 above as though fully set forth herein.

55. Defendant, the City of Philadelphia has deliberately refused to train, discipline and supervise its police officers, including the currently unknown defendant police officers here, for arresting citizens without probable cause and/or reasonable suspicions, and subjecting them to excessive force, including: (1) not training those officers not take arrest

citizens without probable cause; (2) not training police officers how to conduct civil investigations without physically arresting subjects in the absence of probable cause that a crime has been committed, (3) not training police officers that they may not detain by force innocent citizens for whom they have no proof that they committed crimes, (4) not providing remedial training for police officers, including the defendants, after they have committed other prior civil rights violations, and (5) not properly investigating and disciplining police officers, including the defendants here, after they have been alleged to have and have actually committed civil rights violations, including committing false arrests, falsely imprisoning citizens, and subjecting citizens to excessive and unreasonable force.

56. Defendant, the City of Philadelphia's deliberate actions and inactions summarized above, resulted in the violation of the plaintiff's civil rights, and were the proximate cause thereof, which resulted in his physical, psychological, and economic harm.

WHEREFORE, plaintiff requests judgment in his favor against defendant, the City of Philadelphia and he requests the following relief:

16

a. Compensatory damages;

b. Reasonable Attorney's fees and costs;

c. Any other relief the Court deems appropriate.

FOURTH CASE OF ACTION – SUPPLEMENTAL STATE LAW CLAIMS FOR ASSAULT AND BATTERY AS TO THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS

57. The plaintiff incorporates paragraphs 1-56 above as though fully set forth herein.

58. The currently unknown and unnamed defendant police officers assaulted the plaintiff on February 24, 2024, when they immediately rushed toward him upon entering the deli that evening, placing the plaintiff in imminent apprehension that he was going to be touched in an offensive manner, which occurred.

59. The plaintiff could see and/or otherwise sense that the individuals (the defendant police officers) were rushing towards him; the manner in which the defendants rushed the plaintiff caused him emotional distress.

60. The defendant police officers battered the plaintiff by grabbing his arms forcefully, grabbing his wrists forcefully and then manipulating them behind the plaintiff's back, causing him severe injury, pain and suffering.

61. The defendants' actions were totally unjustified, which they knew, and

they intended to cause harm to the plaintiff for malicious unlawful

reasons, which occurred.

WHEREFORE, the plaintiff respectfully requests judgment against the

defendants, the currently unknown and unnamed City of Philadelphia police

officers, and he requests the following relief:

a.  Compensatory damages;

b.  Punitive damages.

## FIFTH CAUSE OF ACTION – SUPPLEMENTAL STATE LAW CLAIM FOR INVASION OF PRIVACY BY FALSE LIGHT AS TO THE CURRENTLY UNKNOWN AND UNNAMED DEFENDANT POLICE OFFICERS

62. The plaintiff incorporates paragraphs 1-61 above as though fully set

herein.

63. The defendant currently unknown and unnamed City of Philadelphia

police officers violated the plaintiff's right to privacy by subjecting him to

false light privacy, by arresting and imprisoning him in public inside of the

deli, and then on the street in front of the deli; the defendants

intentionally arrested and imprisoned the plaintiff, conveying the false

message that he had committed some serious crime for such a police

18

response of approximately 11 police officers with numerous police vehicles, that it damaged the plaintiff's good reputation for being a peaceful, law-abiding citizen, and it painted a false public picture of him that he was a criminal, deserving such response.

64. The plaintiff suffered harm to his reputation, as a result of the defendants' conduct summarized above, and he suffered severe emotional distress from being publicly humiliated in such a manner.

65. The defendants' actions were done either purposely and/or with reckless disregard for the harm that the plaintiff would suffer, which harm occurred.

WHEREFORE, the plaintiff requests judgment in his favor against the defendants jointly and severally, and he requests the following relief.

    a. Compensatory damages;

    b. Punitive damages.


Respectfully submitted,


/s/Reginald Allen, Esquire

19

14

14

20

and has been deliberately indifferent to the following police practices, patterns,

policies and customs and to the need for more or different training, supervision,

investigation or discipline in the areas:

   a.   Intentionally falsely arresting and imprisoning people with the

knowledge that they lacked probable cause to do so, conspiring to have such

7

citizens arrested on the basis of stale and/or misleading evidence. Upon their

malicious desire to have such persons who they believe fit the profile of a

criminal, or who have past criminal records, further punished for those reasons,

even though they are not criminals or have served their sentences for past crimes;

   b.   The proper exercise of police powers,  including but not limited to

the unreasonable use of force, illegal search, the excessive use of force and

unlawful seizure;

   c.   The failure to properly monitor police officers whom it knew or should

have known were suffering from emotional and/or psychological problems which

impaired their ability to properly function as police officers;

   d.   The failure to identify and take remedial or disciplinary actions against

police officers who were the subject of prior valid civilian or internal complaints of

misconduct;

e.  Unlawful arrest and imprisonment, to achieve ends not reasonably related to law enforcement and police duties;

f.   The failure of police officers to follow established policies, procedures, directives and instructions regarding how to properly investigate crimes.

66. Defendants, the City of Philadelphia and Bensalem Township have failed to                                          8

 properly sanction and discipline their police officers, who they are aware aid and abet Constitutional violations of citizens/persons by their respective police officers, thereby causing and encouraging their police officers, including the individual City of Philadelphia police officers and Bensalem Township police officers named and/or referred to in this action, to violate the civil rights of persons, including plaintiff.

67. Defendants have, by their respective conduct described above, deprived plaintiff of her rights secured by the Fourth and Fourteenth Amendments to the Constitution, in violation of 42 U.S.C. S 1983.

68.  Defendants, the City of Philadelphia and Bensalem Township have failed to properly train, discipline and supervise the defendant police officers in this matter, failing to train them on proper procedures on conducting investigations,

interviewing witnesses, conducting legal searches, the proper use of force, the existence of lack of existence of probable cause.

WHEREFORE, plaintiff requests judgment in her favor against defendants, jointly and severally and she requests the following relief:

a. compensatory damages;

b. punitive damages;

9

c. reasonable attorney's fees and costs;

d. any other relief as appears reasonable and just.

SECOND CAUSE OF ACTION –FALSE ARREST, FALSE IMPRISONMENT, ILLEGAL SEARCH AND EXCESSIVE FORCE AS TO DEFENDANTS DANIEL SWEENEY, DAVID NIEVES, GREGORY JACKSON AND THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA AND BENSALEM TOWNSHIP POLICE OFFICERS

69. Plaintiff incorporates paragraphs 1-27 above as though fully set forth herein.

70. Defendants' acts, including those of defendants Sweeney, Nieves, Jackson, and the currently unknown and unnamed police officers constitute false arrest, false imprisonment, illegal search and excessive force in violation of

plaintiff's rights secured under the 4th and 14th Amendments of the United States

Constitution and 42 U.S.C. S 1983.

71.  As a result of defendants' conduct described above, plaintiff suffered

severe emotional distress, physical pain and suffering and property damage.

WHEREEFORE, plaintiff requests judgment in her favor against defendants

jointly and severally and she requests the following relief:

a.  compensatory damages;

10

b.  punitive damages;

c.  reasonable attorney's fees and costs;

d.  any other relief as appears reasonable and just.

THIRD CAUSE OF ACTION AS TO DEFENDANTS SWEENEY, NIEVES, JCKSON AND

THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADEPHIA AND

BENSALEM TOWNSHIP POLICE OFFICERS FOR STATE LAW CLAIMS OF ASSAULT

AND BATTERY, INVASION OF PRIVACY, AND INTENTIONAL INFLICTION OF

EMOTIONAL DISTRESS

72.  Plaintiff incorporates paragraphs 1-30 above as though fully set forth

herein.

73.  The defendant police officers' acts against plaintiff constitute the

Pennsylvania torts of assault and battery, invasion of privacy and intentional infliction of emotional distress.

WHEREFORE, plaintiff requests judgment in her favor against defendants, jointly and severally and she requests the following relief.

a.  compensatory damages;

b.  punitive damages;

c.  any other relief the Court deems appropriate.

11

Respectfully submitted,

Reginald Allen, Esquire

12