IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JOHNSON<br>858 HILLDALE ROAD<br>GLENSIDE, PA 19138<br>    PLAINTIFF,<br><br>V.<br><br>CITY OF PHILADELPHIA POLICE<br>OFFICER EDWIN RODRIGUEZ<br>C/O CITY OF PHILADELPHIA LAW<br>DEPT.<br>1515 ARCH STREET, 14th FLOOR<br>PHILADELPHIA, PA 19102<br>    AND<br><br>CURRENTLY UNKNOWN AND<br>UNNAMED CITY OF PHILADELPHIA<br>POLICE OFFICERS<br>C/O OF CITY OF PHILADELPHIA LAW<br>DEPT.<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102 | : CIVIL ACTION NO. 24-02783<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

SECOND AMENDED COMPLAINT

JURISDICTION

1. This action is brought pursuant to 42 U.S.C. S 1983 and the 4 Amendment

    to the United States Constitution. Jurisdiction is based on 28 U.S.C. S

1331 and 1343 (1) (3) (4) and the aforementioned statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate his state law claims pursuant to 28 U.S.C. S 1367 (a).

## PARTIES

2. The plaintiff William Johnson (from hereinafter, "plaintiff") is an adult citizen and resident of Glenside, PA who has an address as indicated in the caption above.

3. Defendant City of Philadelphia Police Officer Edwin Rodriguez the currently unknown and unnamed City of Philadelphia Police Officers are employees of the City of Philadelphia who all have an address as indicated in the caption above; at all times relevant to the averments of this complaint, the aforementioned defendant police officers were acting within the scope of their respective employment and under color of state law, and they are being sued in their respective individual capacities.

## FACTUAL ALLEGATONS

4. The plaintiff works for a company which contracts with the City of Philadelphia which repairs and provides maintenance for the City's Water

Department; the plaintiff's job consists of physical labor of which the use of his hands and arms is of utmost importance.

5. On February 24, 2024, the plaintiff was socializing with friends inside of a deli located at 77th Street and Ogontz Avenue in Philadelphia; the deli allows customers to sit on stools and talk, eat and consume beer.

6. On February 24, 2024, at approximately 8:35 p.m., the plaintiff was standing in the Deli, at which time two, then another ununiformed police officers came into the Deli, and immediately rushed the plaintiff, forcing him back into a corner.

7. Thereafter, the police officers forcefully grabbed the plaintiff's arms and forced them behind his back, and they handcuffed him; all the while the plaintiff was protesting his arrest, saying that he did not do anything, asking why he was being arrested, to which the police officers were nonresponsive.

8. The defendant police officers who forcefully grabbed and manipulated the plaintiff's arms and hands, caused him severe pain; the handcuffs were too tight.

9. The police officers' bombardment upon the plaintiff caused the patrons in the deli to become startled and they stopped talking and socializing and requested that the police officers explain what they were doing.

10. At least one patron filmed a part of the incident with his cellphone.

11. The defendant police officers ("defendants") refused to tell the plaintiff why he was being arrested, and what if any evidence that they had that he had committed a crime; the plaintiff did not resist arrest.

12. The plaintiff had not committed any crime; nor did the police see him commit any act that reasonably gave suspicion of any crime.

13. The defendant police officers did not have a warrant to arrest and/or search the plaintiff.

14. By force, the defendant police officers took the plaintiff out of the deli, and took him over to what is believed to be an unmarked white police vehicle, at which time they searched inside of his pockets, finding nothing.

15. Within a few minutes after the plaintiff was handcuffed inside of the deli, multiple uniformed police officers arrived to the scene, or had been waiting outside; video footage shows at least 11 police officers in total, all of whom essentially surrounded the plaintiff, and they also blocked the deli patrons who were protesting the plaintiff's arrest, although none of

those patrons made any physically provocative gestures towards the police officers.

16. The extreme police presence around him, shocked the plaintiff and placed him in extreme fear as to what might happen to him.

17. The deli patrons and other people on the street were asking why the plaintiff was being treated in the manner that he was, suggesting that the police were merely harassing the plaintiff, at least in part due to his race.

18. One of the police officers who arrested the plaintiff, stated either or both to the plaintiff and/or other police officers that he had arrested the plaintiff in the past, which was false.

19. The defendant police officers' search of the plaintiff's clothing and body parts was negative for any illegal contraband, and or other contraband, however the defendants still kept the plaintiff handcuffed for an inordinate amount of time thereafter.

20. One of the defendant police officers who searched the plaintiff took his identification, which was never returned to the plaintiff.

21. The defendant police officers never explained to the plaintiff why they arrested him.

22. After a period of time being handcuffed and standing at the police vehicle, the plaintiff was finally released.

23. Due to extreme pain and the plaintiff's belief that his hand/wrist might be broken, the plaintiff sought medical treatment at Temple University Hospital in Chestnut Hill on February 25, 2024, which diagnosed him with a badly sprained right hand and advised that his employer allow him to work light duty for two to three days.

24. The plaintiff's job does not have light duty which allows him not to work on the water meters, which led to the plaintiff having to use leave to attempt to recover from his hand injury; as a result of his pain/injury, the plaintiff had to take off from work for three weeks for which he was not paid.

25. Eventually, fearful that he would lose his job, despite still being in severe pain, the plaintiff returned to work, and from that time to the present, he merely tolerated and still tolerates the pain the best of his ability.

26. Temple University Hospital heavily wrapped the plaintiff's hand with bandages.

27. Due to continued severe hand/wrist pain, the plaintiff sought and received medical treatment at Patient First, an urgent care, which

diagnosed him with a strain of "musc/fasc//tend at wrs/hnd lv, right hand", and it placed the plaintiff's hand/wrist in a splint.

28. Patient First referred the plaintiff for further medical treatment at the Rothman Institute.

29. The plaintiff has received treatment/physical therapy from the Rothman Institute and from a hand specialist called RI Willow Grove consistently from March 2024 through the present, however, he continues to suffer substantial pain in his right hand, and is limited in the use of the hand, including how efficiently and effectively he can work, driving and doing household chores.

30. The plaintiff suffered and suffers severe emotional distress for being forcefully arrested for no reason, including in front of his friends in public, and then being surrounded by police officers on the street in the presence of the general public, when people walking the street stopped to see what all of the commotion was going on.

31. The plaintiff suffered economic harm and loss for the time that he was not able to work and was not paid.

32. The plaintiff suffered reputational damage from his public arrest in the presence of his friends inside of the deli, and then in the presence of the

general public who stopped to observe the incident, on the public street in front of the Deli.

33. The plaintiff is 46 years old and is a law-abiding citizen; it was/is extremely harmful to his reputation as such a person to have been arrested in public by three police officers and surrounded by approximately 11-12 police officers on the street corner.

34. The plaintiff continues to suffer physical and psychological/emotional injury as a result of the defendants' conduct against him on February 24, 2024.

FIRST CAUSE OF ACTION AS TO DEFENDANTS, CITY OF PHILADELPHIA POLICE OFFICER EDWIN RODRIGUEZ AND THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS FOR VIOLATION OF 42 U.S.C. SECTION 1983 AND THE 4TH AMENDMENT FOR FALSE ARREST AND FALSE IMPRISONMENT

35. Plaintiff incorporates paragraphs 1-34 above as though fully set forth herein.

36. The defendants seized and arrested plaintiff, with the knowledge that they lacked probable cause that he had committed any crime, and they

falsely imprisoned him for the time he was in their physical custody and control.

37. As a direct and proximate result of all of the above defendants' acts, which were committed under color of state law, plaintiff was deprived of his rights to be free from false arrest and false imprisonment pursuant to the Fourth Amendment to the Constitution and 42 U.S.C. S 1983.

38. As a result of defendants' actions, plaintiff suffered severe physical pain and suffering, including physical injuries, and he suffered extreme emotional distress.

WHEREFORE, plaintiff requests judgment in his favor against defendants, jointly and severally, and he requests the following relief:

   a. Compensatory damages;

   b. Punitive damages;

   c. Reasonable Attorney's fees and costs;

   d. Any other relief the Court deems appropriate.

**SECOND CAUSE OF ACTION AS TO DEFENDANTS CITY OF PHILADELPHIA POLICE OFFICER EDWIN RODRIGUEZ AND THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS FOR EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. S 1983 AND THE 4TH AMENDMENT**

39. Plaintiff incorporates paragraphs 1-38 above as though fully set forth herein.

40. As stated above, the defendants, subjected the plaintiff to excessive force, by forcefully grabbing his arms and hands, pulling them behind his back and then over tightly handcuffing him, without any justifiable basis for any of the actions they took, including that they had no right to seize him at all.

41. The defendants subjected plaintiff to excessive force as described above; their collective use of force was unreasonable and unjustified, as no force was necessary, as the plaintiff was not resisting arrest, although his arrest was also illegal.

42. As a result of defendants' conduct, plaintiff suffered/suffers severe physical injury and pain and suffering, and he suffered severe emotional distress; he also suffered economic loss from having to stay out of work for a period of time due to his injuries.

43. The defendants also subjected the plaintiff to excessive force, when around 11 police officers essentially surrounded him on the street, next to a police vehicle, while he was handcuffed, leaving the plaintiff in extreme

fear for his physical safety, when he had not committed any crime; the large police presence for the plaintiff was totally unjustified.

44. Defendants' collective and individual actions, deprived plaintiff of his right to be free from unreasonable seizure and excessive force pursuant to the Fourth Amendment and 42 U.S.C. S 1983.

45. The defendants' collective excessive use of force caused the plaintiff to suffer extreme injury, which resulted in severe physical pain and suffering which persists up to the present; the plaintiff has a permanent disabling injury.

46. The defendants' collective actions, including seizing him by force, handcuffing him, and then surrounding him with numerous police officers caused the plaintiff extreme emotional distress, including extreme fear as what the defendant police officers may further do to him; the plaintiff believes that without the fact that the deli patrons came outside and some of them loudly protested the police actions, as well as filmed the police with a cellphone, that the defendants may have taken further action against him, including using more excessive force.

WHEREFORE, plaintiff requests judgment in his favor against defendants jointly and severally and he requests the following relief.

a. Compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's fees and costs;

d. Any other relief the Court deems appropriate.

**THIRD CAUSE OF ACTION – SUPPLEMENTAL STATE LAW CLAIMS FOR ASSAULT AND BATTERY AS TO THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA POLICE OFFICERS**

47. The plaintiff incorporates paragraphs 1-46 above as though fully set forth herein.

48. The currently unknown and unnamed defendant police officers assaulted the plaintiff on February 24, 2024, when they immediately rushed toward him upon entering the deli that evening, placing the plaintiff in imminent apprehension that he was going to be touched in an offensive manner, which occurred.

49. The plaintiff could see and/or otherwise sense that the individuals (the defendant police officers) were rushing towards him; the manner in which the defendants rushed the plaintiff caused him emotional distress.

50. The defendant police officers battered the plaintiff by grabbing his arms forcefully, by grabbing his wrists forcefully and by forcefully manipulating

them behind the plaintiff's back, causing him severe injury, pain and suffering.

51. The defendants' actions were totally unjustified, which they knew, and they intended to cause harm to the plaintiff for malicious unlawful reasons, which occurred.

WHEREFORE, the plaintiff respectfully requests judgment against the defendants, the currently unknown and unnamed City of Philadelphia police officers, and he requests the following relief:

    a. Compensatory damages;

    b. Punitive damages.

## FOURTH CAUSE OF ACTION – SUPPLEMENTAL STATE LAW CLAIM FOR INVASION OF PRIVACY BY FALSE LIGHT AS TO THE CURRENTLY UNKNOWN AND UNNAMED DEFENDANT POLICE OFFICERS

52. The plaintiff incorporates paragraphs 1-51 above as though fully set herein.

53. The defendant currently unknown and unnamed City of Philadelphia police officers violated the plaintiff's right to privacy by subjecting him to false light privacy, by arresting and imprisoning him publicly inside of the deli, and then on the street in front of the deli; the defendants intentionally falsely arrested and imprisoned the plaintiff, conveying the

false message that he had committed some serious crime for which such a police response was needed; this damaged the plaintiff's good reputation for being a peaceful, law-abiding citizen, and it painted a public picture of him, that he was a criminal, particularly when approximately 11 police officers responded to the scene and surrounded the plaintiff, while he was handcuffed for all people on the street and the deli patrons to see.

54. The plaintiff suffered harm to his reputation, as a result of the defendants' conduct summarized above, and he suffered severe emotional distress from being publicly humiliated in such manner.

55. The defendants' actions were done either purposely and/or with reckless disregard for the harm that the plaintiff would suffer, which harm occurred; the defendants' actions described above were objectively offensive to a reasonable person.

WHEREFORE, the plaintiff requests judgment in his favor against the defendants jointly and severally, and he requests the following relief.

   a. Compensatory damages;

   b. Punitive damages.

## CERTIFICATE OF SERVICE

I, Reginald Allen, Esquire hereby certify that a true and correct copy of the foregoing was served on the counsel/persons listed below, via either or all, email, electronic filing, first class mail, certified mail, registered mail, overnight mail on November 13, 2024.

Kathryn Faris, Esquire
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

/s/Reginald Allen, Esquire          Date: 11/13/2024