IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JOHNSON | : CIVIL ACTION NO. 24-2783 |
| | : |
| V. | : |
| | : |
| POLICE OFFICERS EDWIN | : |
| RODRIGUEZ, JENNIFER SKROCKI, | : |
| RAHEEM WILLIAMS AND | : |
| THOMAS LA CORTE | : |

## THE PLAINTIFF'S MOTION FOR A SETTLEMENT CONFERENCE

The plaintiff, William Johnson comes now, by and through his undersigned counsel and he respectfully moves this Honorable Court to schedule a settlement conference in the above captioned matter, and in support of he avers the following.

1. At the Rule 16 Conference in this matter, counsel for the parties appeared to agree that it would be feasible and productive for a settlement conference, either with the Court or with a Magistrate Judge.

2. Discovery ended in this matter on September 2, 2025.

3. No party has filed a dispositive motion, for which the deadline was September 18, 2025.

1

4. During discovery, the defendant took the plaintiff's deposition, and the plaintiff took all four defendants' depositions.

5. The plaintiff's claims pursuant to 42 U.S.C S 1983, include, false arrest, false imprisonment, excessive force, and related state law torts.

6. The parties have engaged in limited settlement negotiations – the plaintiff's current demand is $25,000.00 (twenty-five thousand dollars), and the defendants offered $7,500.00 (seven thousand five hundred dollars).

7. The parties are at an impasse however, the plaintiff has attempted to continue negotiations with no success.

8. The plaintiff is amenable to continued negotiations in good faith.

9. The plaintiff could not accept the defendants' offer in part, based on his costs and attorney fees in this matter – he has costs of approximately $1,900.00 (one thousand nine-hundred dollars), which includes the complaint filing fee, depositions, and the purchase of medical records); counsel is entitled to one-third of any recovery in this matter, and reimbursement for the costs summarized above.

10. It would reasonably be fruitful for Court intervention to try to resolve this matter.

11. Pursuant to F.R.C.P. 16, settlement is advisable if feasible, and the Court has the authority to try to settle cases at all stages therein.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court grant the foregoing motion.

                              Respectfully submitted,

                              /s/ Reginald Allen, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JOHNSON | : CIVIL ACTION NO. 24-2783 |
| | : |
| V. | : |
| | : |
| POLICE OFFICERS EDWIN | : |
| RODRIGUEZ, JENNIFER SKROKI | : |
| RAHEEEM WILLIAMS AND | : |
| THOMAS LA CORTE | : |

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR A SETTLMENT CONFERENCE

I.  INRODUCTION:

The plaintiff William Johnson alleges that he was falsely arrested, falsely imprisoned, subjected to excessive force, and subjected to related tortious actions by the four defendant police officers in this matter. The complaint's allegations stem from the plaintiff's public arrest in a deli in the Olney section of Philadelphia on February 24, 2024. The defendants deny liability. That evening, the plaintiff was socializing in the deli. Defendant Skrocki, who was conducting surveillance of the deli from her vehicle across the street, ordered/instructed the other defendants to arrest the plaintiff for allegedly purchasing drugs inside of the deli. The other defendants forcibly arrested

1

the plaintiff. A search found no drugs on him, and he forcibly denies purchasing any. The plaintiff claims that his hands and wrists were damaged from his forcible handcuffing, that he lost wages, and that he had to attend physical therapy for his injuries. He claims that he still has symptoms of hand/wrist injury/pain to the present. In her deposition, defendant Skrocki admitted that she did not see a transfer of drugs between another suspect and the plaintiff, but she "believed" that there was such a transfer. None of the other defendants claim to have seen a drug transfer involving the plaintiff.

Discovery in this matter ended on September 2, 2025. The deadline for dispositive motions has ended on September 18, 2025, and neither party filed such a motion. The parties engaged in limited settlement negotiations, which stalled with the plaintiff's last demand being $25,000.00 (twenty-five thousand dollars). The defendants offered the plaintiff $7,500.00 (seven thousand five-hundred dollars). The plaintiff could not accept such an offer based in part on his costs and attorney's fees, including approximately $1,900.00 (one thousand nine-hundred dollars) in costs for the complaint filing fee, depositions of the four defendants, and the purchase of medical records. The plaintiff has a contingency agreement with his attorney for one-third of any recovery,

2

exclusive of costs. Settlement negotiations have stopped, despite the plaintiff's attempts to continue them. At the Rule 16 Conference in this matter, the counsel for the parties seem to agree that a settlement conference would be helpful in this matter, at which time the plaintiff's demand was three times what it is now.

II.   ARGUMENT:

There is a relatively small gap between the plaintiff's demand, and the offer that the defendants made, which is infeasible for the plaintiff to accept, based on his costs, and his attorney's fees. The plaintiff is amenable to further negotiation. Under F.R.C.P. 16, the Court has the authority to attempt to settle cases at all of their stages. It would only be reasonable in light of the parties' previous representations of a willingness to attend a settlement conference, to attempt to resolve this matter with a Court orchestrated settlement conference, either by the Court or with a Magistrate Judge.

III.   CONCLUSION:

For all of the aforementioned reasons, the plaintiff respectfully requests that this Honorable Court schedule a settlement conference at its earliest convenience.

Respectfully submitted,

/s/ Reginald Allen, Esquire

4

,